**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re:<br>I80 Equipment, LLC<br><br>    Debtor(s). | Case No. 17-81749<br><br>Chapter 7 |
| Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC<br><br>    Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.<br><br>    Defendant. | AP. No. |

**COMPLAINT**

Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("Plaintiff") for her Complaint against THE HOME DEPOT, INC. ("Defendant"), states as follows:

**JURISDICTION AND VENUE**

1.  This adversary proceeding arises under the above-captioned chapter 7 case, currently pending in this district.

2.  The court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 1334, 151, 157(a) and (b)(2)(H). The Plaintiff consents to entry of final orders or judgment by this Court.

3.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

**PARTIES**

4.  The Plaintiff is the duly appointed chapter 7 trustee in the above

referenced chapter 7 case.

5. Defendant is a Delaware corporation with its principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

## COMMON FACTS

6. I80 Equipment, LLC ("Debtor") filed a Chapter 7 bankruptcy petition herein on December 6, 2017. Plaintiff was appointed chapter 7 trustee of the case on said date.

7. Debtor was an Illinois limited liability company formed June 14, 2007 with its principal office at 120 Walnut Lane, Colona, IL 61241. Debtor was involuntary dissolved on December 14, 2018.

8. At all times relevant herein, Erik P. Jones ("Jones") (a) was the sole member of Debtor; (b) owned 100% of the membership interests in Debtor; and (c) was the sole manager of Debtor.

9. Prior to filing bankruptcy, the Debtor operated a commercial business whereby it purchased and refurbished bucket trucks for resale.

10. Jones Lease Properties, LLC ("Jones Lease") is an Illinois limited liability company formed January 21, 2004 with its principal office at 496 Briargate Dr., Colona, IL 61241.

11. Jones Lease operates a rental/management company providing single-family and multi-family rental options in the Quad Cities area.

12. At all times relevant herein, Jones (a) was the sole member of Jones Lease; (b) owned 100% of the membership interests in Jones Lease; and (c) was the sole

manager of Jones Lease.

13. J.P. Rentals, LLC ("JP Rentals") is an Illinois limited liability company formed March 13, 2008 with its principal office at 20490 E. 550th St., Colona, IL 61241.

14. JP Rentals was formed to offer rental options in larger commercial multi-unit properties.

15. At all times relevant herein, Jones (a) was the sole member of JP Rentals; (b) owned 100% of the membership interests in JP Rentals; and (c) was the sole manager of JP Rentals.

16. Within two (2) years of bankruptcy, Debtor transferred $6,298.33 of its funds to or for the benefit of Defendant by credit card ("Fraudulent Transfers"). The dates and amounts of said transfers are set forth on attached Exhibits "A", "B" and "C".

17. The Fraudulent Transfers were made in return for value provided to Jones, Jones Lease and/or JP Rentals, not to the Debtor.

18. Any obligations incurred within two (2) years of bankruptcy by the Debtor to Defendant were for the benefit of Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities ("Fraudulent Obligations"), not the Debtor.

## COUNT I
### (11 U.S.C. § 548(a)(1)(A) – Actual Fraud)

19. The Trustee repeats and realleges averments 1 through 18 of her Complaint as if set forth fully herein.

20. This Count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551.

21. Upon information and belief, Debtor made the Fraudulent Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfer was made, indebted, as demonstrated by, including but not limited to, the following facts which constitute badges of fraud:

(a) There was a close relationship between the entities for whose benefit the Fraudulent Transfers were made and the Debtor, as Jones was the sole member of all entities, and all entities were controlled and directed by Jones.

(b) The consideration received by the Debtor for the Fraudulent Transfers was inadequate, as the Fraudulent Transfers were wholly made for the benefit of Jones and his other entities, and not the Debtor.

(c) The Debtor was insolvent or became insolvent shortly after the Fraudulent Transfers were made or the Fraudulent Obligations were incurred.

(d) Jones retained indirect control over all the properties into which materials purchased from the Defendant were incorporated after the Fraudulent Transfers, as such properties were owned by Jones Lease and JP Rentals which Jones controlled.

(e) Jones' pattern of recklessly using the Debtor's funds to purchase non-Debtor and luxury items for his other entities and his own personal use after the Debtor had incurred substantial debt.

(f) In making the Fraudulent Transfers to or for the benefit of his other entities, Jones engaged in conscious misbehavior and recklessness. No legitimate business purpose of the Debtor was served by making any of the Fraudulent Transfers. The only purpose of said transfers were to further the real estate business of Jones' other entities.

(g) The Fraudulent Transfers to Jones Lease and JP Rentals were concealed, as they were recorded in the Debtor's books, not as gifts, but as accounts receivable. Said entities had no obligation to repay the Fraudulent Transfers to the Debtor.

(collectively, "Badges of Fraud").

22. The Fraudulent Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfer was made, indebted, as demonstrated by, including but not limited to, the above Badges of Fraud.

WHEREFORE, Plaintiff prays that this Court:

(a) avoid the Fraudulent Obligations;

(b) avoid the said Fraudulent Transfers in the amount of $6,298.93;

(c) enter judgment in favor of Plaintiff and against Defendant for $6,298.93 plus court costs and prejudgment interest;

(d) preserve said transfers for the benefit of this Estate; and

(e) grant Plaintiff such other relief as is just and equitable.

## COUNT II
### (11 U.S.C. §548(a)(1)(B)-Constructive Fraud)

23. Plaintiff repeats and realleges averments 1-22 as if set forth fully herein.

24. This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

25. Upon information and belief, Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers and the Fraudulent Obligations and (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

WHEREFORE, Plaintiff prays that this Court:

(a) avoid the Fraudulent Obligations;

(b) avoid the said Fraudulent Transfers in the amount of $6,298.93;

(c) enter judgment in favor of Plaintiff and against Defendant for $6,298.93 plus court costs and prejudgment interest;

(d) preserve said transfers for the benefit of this Estate; and

(e) grant Plaintiff such other relief as is just and equitable.

Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC

By: /s/ Andrew W. Covey
One of her attorneys

Andrew W. Covey #06183817
416 Main Street, Suite 700
Commerce Bank Building
Peoria, IL 61602
Tel: 309-674-8125
Email: acovey1@hotmail.com

By:/s/ Jeana K. Reinbold
One of her attorneys

Jeana K. Reinbold #6272531
1100 S. 5th Street
P.O. Box 7315
Springfield, IL 62791-7315
Tel: 217-241-5629
Email: jeana@jeanareinboldlaw.com